UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JACQUELYNNE JASON HOLMES, | : | |
| Plaintiff, | | |
| v. | | Case No. 2:21-cv-1194<br>Judge Sarah D. Morrison<br>Magistrate Judge Kimberly A. Jolson |
| NOVO NORDISK INC., | : | |
| Defendant. | | |

**OPINION AND ORDER**

Jacquelynne Jason Holmes, an African American woman, filed this action after working for Novo Nordisk for approximately 7 years. She claims that Novo Nordisk violated the Equal Pay Act and discriminated against her based on her gender and race.

Now before the Court is Novo Nordisk's Motion for Partial Judgment on the Pleadings or, in the Alternative, Motion to Strike. (ECF No. 13.) Ms. Holmes has filed a memorandum in opposition to the Motion (ECF No. 14) and Novo Nordisk has filed a reply memorandum. (ECF No. 15.) The Motion is ripe for decision.

**I.  BACKGROUND**

All well-pled factual allegations in the Complaint are accepted as true for purposes of the Motion for Judgment on the Pleadings. *See Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008). The following summary is limited to the claims relevant to the instant Motion and draws from the allegations in the Complaint.

Ms. Holmes began working for Novo Nordisk in October 2012 as a Diabetes Care Specialist at a starting salary of $83,000 per year. (ECF No. 1, Compl., ¶¶ 16–17, 27.) She performed well for the company, receiving positive performance reviews every year she was there. (¶¶ 28–34.)

After less than a year with the company, Ms. Holmes learned that she was being paid less than Bryan Bigelow, a Caucasian male. (¶¶ 43, 47–8, 59, 171.) Mr. Bigelow had the same job title and same job duties as Ms. Holmes. (¶¶ 45–6.) However, despite the fact that Ms. Holmes had more relevant work experience than Mr. Bigelow, he was paid at a starting salary of $95,000 per year. (¶¶ 53, 58.) And, throughout her employment at Novo Nordisk, Ms. Holmes was paid a lower salary than Mr. Bigelow. (¶ 61.) When she inquired into why she was being paid less, she was told that Novo Nordisk paid a starting salary to diabetes care specialists based on their pay at prior jobs. (¶ 174.) Ms. Holmes alleges that this excuse had no basis in fact; instead, she claims that the pay disparity is due to discrimination. (¶¶ 178, 181.)

In addition to Mr. Bigelow, Ms. Holmes identifies several other individuals who were paid a higher starting salary than she, all of whom had the same job title and job duties: (1) Melissa Yeso, a Caucasian woman (¶¶ 68, 72, 76), (2) Louie Guagenti a Caucasian man (¶¶ 83–104), and (3) Othello Repuyan, Jr., a Filipino man. (¶¶ 105–122.) And, because Novo Nordisk gave its employees annual raises based on a percentage of the employee's salary, the starting salary disparity continued throughout her employment. (¶¶ 196, 210.) Based on these comparators,

Ms. Holmes asserts that Novo Nordisk paid male and non-African American employees more than she for comparable work. (¶¶ 185–194.)

Ms. Holmes resigned from Novo Nordisk on or about May 9, 2019. (¶ 245.) She filed this suit on March 19, 2021, asserting claims for (1) gender-based pay discrimination, in violation of the Equal Pay Act of 1963, 29 U.S.C. § 206(d) (¶¶ 249–341), (2) gender discrimination in violation of Ohio Rev. Code § 4112.01, *et seq*. (¶¶ 302–09), (3) race discrimination in violation of Ohio Rev. Code § 4112.01, *eq seq*. (¶¶ 310–17), and (4) race discrimination in violation of 42 U.S.C. § 1981 (¶¶ 318–325.)

## II.  ANALYSIS

### A.  Standard of Review

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is analyzed in the same manner as a motion to dismiss under Rule 12(b)(6). *Tucker*, 539 F.3d at 549. To overcome such a motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The complaint need not contain detailed factual allegations, but it must include more than labels, conclusions, and formulaic recitations of the elements of a cause of action. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not

3

suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A motion for judgment on the pleadings should be granted when there is no material issue of fact and the moving party is entitled to judgment as a matter of law. *Tucker*, 539 F.3d at 549.

### B.    Damages Outside the Statute of Limitations

Novo Nordisk moves for judgment on the pleadings on the grounds that Ms. Holmes failed to timely assert her claims so that she cannot recover any damages beyond the applicable statute of limitations periods. In response, Ms. Holmes argues that she is entitled to recover damages for periods beyond the statute of limitations under a "continuing violation" theory and/or the discovery rule, and that Defendant's motion is procedurally improper. (ECF No. 14, Memo Contra, PageID 113, 120–21.)

Statutes of limitations are designed to promote justice by encouraging plaintiffs to pursue claims diligently, promoting judicial economy, and protecting defendants' rights. *CTS Corp. v. Waldburger*, 573 U.S. 1, 8 (2014); *John Hancock Fin. Servs., Inc. v. Old Kent Bank*, 346 F.3d 727, 734 (6th Cir. 2003). Ordinarily, discrimination claims accrue when the plaintiff knows or should know of the discrimination; that is, the claim accrues at the time of the discriminatory act, "not when the complainant discovers at some later point that the conduct infringes on a legal right." *Johnson v. Metro. Gov't of Nashville & Davidson Cty., Tenn.*, 2015 WL 3971846, at *4 (M.D. Tenn. June 30, 2015) (citing *Brown v. Packing Corp. of Am., Inc.*, 846 F.Supp. 592, 597 (M.D. Tenn. 1993)); *see also Chardon v. Fernandez*, 454 U.S. 6, 8 (1981) (observing that "the proper focus is on the time of the

4

discriminatory act, not the point at which the consequences of the act become painful").

### 1. The Discovery Rule[1]

"When a statute does not speak to the issue, federal courts will generally apply the discovery rule to toll the running of the statute of limitations until the plaintiff discovers or should have discovered his or her injury." *Guy v. Mercantile Bank Mortgage Co.*, 711 Fed.Appx. 250, 252–53 (6th Cir. 2017) (citing *Rotella v. Wood*, 528 U.S. 549, 555 (2000)). The discovery rule is applied when the plaintiff, "due to facts and circumstances not within his control," has no knowledge that an injury occurred. *Univ. of Pittsburgh v. Townsend*, 542 F.3d 513, 527 (6th Cir. 2008). However, the discovery rule does not toll the running of the statute of limitations when the plaintiff knows of her injury, even if she does not know her injury was unlawful. *See Rotella*, 528 U.S. at 555 (When the discovery rule applies, "discovery of the injury, not discovery of the other elements of the claim, is what starts the clock."); *Amini v. Oberlin College*, 259 F.3d 493, 500 (6th Cir. 2001) ("A plaintiff's

---

[1]As this Court has recognized, the Sixth Circuit may be moving away from the application of the discovery rule. *See J.H. v. Ohio Dept. of Jobs and Family Services*, 2021 WL 5240231, *2 n.2 (S.D. Ohio 2021) (Sargus, J.) (citing *Dibrell v. City of Knoxville, Tenn.*, 984 F.3d 1156, 1162 (6th Cir. 2021) (contrasting the occurrence rule with the discovery rule and observing that "[a]ny presumption favoring the discovery rule, the [Supreme] Court recently clarified, represents a bad wine of recent vintage" (internal quotation marks and citations omitted))); *see also Everly v. Everly*, 958 F.3d 442, 460 (6th Cir. 2020) (Murphy, J., concurring) (maintaining that "[h]istorically, courts used the occurrence rule"). However, until further clarification from the Sixth Circuit, the Court continues to follow the existing precedent's instructions on when to employ the rule.

5

action accrues when he discovers that he has been injured, not when he determines that the injury was unlawful.") (internal quotation marks and citation omitted)).

Here, Ms. Holmes acknowledges in her Complaint that she first learned of Novo Nordisk's disparate pay practices between her and Mr. Bigelow, a Caucasian male, in March 2013. (Compl., ¶ 171). Although she argues that she did not know the pay difference was the result of unlawful discrimination until later (Memo Contra, PageID 120–21), that does not help her under the discovery rule – she knew of the injury in March 2013. The discovery rule does not save her pre-statute of limitations pay claims.

### 2. The Continuing Violations Doctrine

The continuing violations doctrine is another exception to the statute of limitations. *Gentry v. The Renal Network*, 636 F.Supp.2d 614, 618 (N.D. Ohio 2009). There are two types of continuing violations – the serial continuing violations and the systematic continuing violations. *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 829 (6th Cir. 2000). Both types operate to toll a limitations period when an employer's conduct "represent[s] an ongoing unlawful employment practice." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 107 (2002) (citations and quotation marks omitted). As the Fifth Circuit has explained:

> The core idea [of the continuing violations theory,] however, is that equitable considerations may very well require that the filing periods not begin to run until facts supportive of a Title VII charge or civil rights action are or should be apparent to a reasonably prudent person similarly situated. The focus is on what event, in fairness and logic, should have alerted the average lay person to act to protect his rights. At the same time, the mere perpetuation of the effects of time-barred discrimination does not constitute a violation of Title VII in the

6

absence of independent actionable conduct occurring within the statutory period...."

*Glass v. Petro-Tex Chem. Corp.*, 757 F.2d 1554, 1560–61 (5th Cir. 1985) (citations omitted).

Given the equitable nature of the doctrine, a continuing violation claim fails when "the plaintiff knew, or through the exercise of reasonable diligence would have known, she was being discriminated against at the time the earlier events occurred." *Yetto v. City of Jackson*, 2019 WL 454603, at *7 (W.D. Tenn. 2019) (citing *Davidson v. America Online, Incl.*, 337 F.3d 1179, 1184 (10th Cir. 1993)).

The plaintiff has the burden to prove that the continuing violation doctrine applies. *See Pittman v. Spectrum Health Sys.*, 612 F. App'x 810, 814–15 (6th Cir. 2015).

As discussed, Ms. Holmes knew of Novo Nordisk's alleged disparate pay practices in March 2013. Thus, the continuing violation doctrine does not save her pre-statute of limitations pay claims.

### III. CONCLUSION

For the reasons set forth above, Defendant is **GRANTED** Judgment on the Pleadings on Plaintiff's pre-statute of limitations pay disparity claims.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**

7